New Jersey Department of Labor,
Workmen's Compensation Bureau.

FRANK MELLOR, PETITIONER, v. NICHOLSON FILE
COMPANY, RESPONDENT.

For the petitioner, *Arthur C. Dunn.*

For the respondent, *Clarence B. Tippett.*

\* \* \* \* \* \* \*

The facts presented in this case, in brief, were: That
Frank Mellor, in the course of his regular employment for
the respondent, on February 16th, 1923, was struck in the
right eye by a piece of metal flying from a punching machine.
He was treated by Dr. Joseph L. Dias, of Newark, New
Jersey, from February 17th, 1923, to April 1st, 1923. The
petitioner was paid temporary disability of five weeks and
three days at $12 per week, amounting to $67.57, and also
thirty-five per cent. permanent loss of use of the right eye,
thirty-five weeks at $12 per week, amounting to $420. Dr.
Dias was paid for his services by the respondent. On April
1st, 1923, petitioner returned to work for the respondent
and thereafter continued his regular work until about January 1st, 1927.

It appears that the date of the last payment of compensation was December 2d, 1923.

This present petition, wherein it claimed "loss of usefulness of right eye," was filed on April 30th, 1927. At the
formal hearing held, it was also presented that the petitioner
during January, 1927, appears to have had trouble again with

the vision of his right eye and called upon Dr. Dias at his own instance for treatment. Dr. Dias afforded medical treatment but found it necessary to remove the right eye. When the employer learned that this man was going to Dr. Dias for treatments, his physician was notified that the employer would not be responsible for a bill for additional treatments, disclaiming liability or responsibility therefor.

The respondent opposed legal liability upon it for payment of additional compensation or obligation to afford further medical treatments or services, asserting further claim was barred under section 23 (h) of the statute.

After giving careful consideration to the facts and circumstances in this case, I decide as follows:

*First.*—That the claim of the petitioner for further compensation is barred under section 23 (h) of the statute, inasmuch as the date of last payment of compensation under the agreement to pay between the employer and the petitioner was December 2d, 1923, and the petition for further compensation was filed April 30th, 1927, more than one year from the said date of last payment.

*Second.*—As to the claim for further medical services for reimbursement for medical expense, my opinion is that there is no legal liability under the statute in accord with the facts herein to charge the employer therefor. I have given consideration to the proof submitted by the respective attorneys herein. This claim for reimbursement for further medical treatments comes more than three years after the date of the last payment of compensation. The statute is interpreted to be a remedial statute and permits of quite broad construction in order that its purposes may be effectuated. The statute subjects the employe to the benefits therein provided and in the manner therein dsignated under section 2. Under section 14, it provides initially for medical, surgical and other treatments, and the employer is not liable for any further services in excess of the amount set forth therein in the absence of filing a petition for that purpose. No claim for additional compensation or medical costs was made until almost five years after the original accident.

In *Ringwall Linoleum Works* v. *Liquor,* 89 *N. J. L.* 453, our Supreme Court held that the compensation proceedings "are statutory in their origin and are intended to be summary in their nature and conduct."

There must be a reasonable end of litigation in any case. I do not believe it the intention of the act to obligate an employer to be called upon to pay for medical treatments at so long a time after the last payment of compensation, on the facts in this case. In *Steers, Inc.,* v. *Turner Construction Co.* (*Court of Errors and Appeals, October 17th, 1927*), it was, among other things, viewed that expense of medical and hospital services furnished to the employe was comprehended within the "total compensation payments," and from that case it would indicate a statutory bar was existent in the present case, for all purposes. I do not think medical services can be considered as compensation or within the provisions of the Compensation act for one purpose, and then in disregard of the act for another purpose.

\* \* \* \* \* \* \*

HARRY J. GOAS,
*Deputy Commissioner.*